## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF WEST VIRGINIA
## CHARLESTON

**JOSEPHINE LOUELLA WASHINGTON,**

      **Petitioner,**

**v.**                         **Case No. 2:16-cv-10189**

**WEST VIRGINIA DEPARTMENT OF HEALTH
AND HUMAN RESOURCES, Bureau of Children
and Families Child Protective Services, Kanawha County,
and LEDELLA BLAIR, Case Worker,**

      **Respondent.**

### PROPOSED FINDINGS AND RECOMMENDATION

Pending before the court is the petitioner's Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241 (ECF No. 2) and her Application to Proceed Without Prepayment of Fees and Costs (ECF No. 1). This matter is assigned to the Honorable Thomas E. Johnston, Chief United States District Judge, and it is referred to the undersigned United States Magistrate Judge for submission of proposed findings and a recommendation for disposition pursuant to 28 U.S.C. § 636(b)(1)(B).

### STANDARD OF REVIEW

Section 2241 of Title 28 of the United States Code provides a federal court with the power to grant a writ of habeas corpus to a prisoner housed within their jurisdiction who demonstrates that he or she is <u>in custody</u> in violation of the Constitution, or laws, or treaties of the United States. 28 U.S.C. § 2241(c)(3). Because the petitioner was not in custody when she filed the instant petition, and because her claims essentially seek appellate review and reversal of the state court's rulings, this court lacks jurisdiction to consider her claims and the petition must be dismissed.

## RELEVANT FACTUAL BACKGROUND

The petitioner's petition asserts several claims related to proceedings in the Circuit Court of Kanawha County that led to the termination of her parental rights to three children on April 1, 2015. According to the petition, the petitioner appealed the Circuit Court's decision to the Supreme Court of Appeals of West Virginia (the "SCAWV") on May 1, 2015, and the SCAWV affirmed the decision on November 23, 2015. *In re: S.B. E.B.-1, and E.B.-2*, No. 15-0408 (W. Va. Nov. 23, 2015). The petition also indicates that the petitioner filed a complaint with the West Virginia Department of Health and Human Resources Office of Inspector General Board of Review, which was dismissed on November 20, 2015, No. 15-BOR-3197 (Nov. 20 2015), and a complaint with the U.S. Department of Health and Human Services Region III Office for Civil Rights, which was dismissed on April 28, 2015, No. 15-205796 (Apr. 28, 2015).

The petition herein asserts the following grounds for relief:

1.　Ineffective assistance of counsel; denied right to new counsel; denied the right to represent myself before the courts

　　Appointed counsel consistently told me that my evidence did not pertain when they clearly did. Counsel would not listen to what I was saying, call my witnesses or do his job adequately. Constantly called me a liar and tried to get me to plead guilty. Wouldn't file my appeal on the issues that I wanted. He was hard to get in touch with and I generally did not trust his opinion on my legal issues. I wrote a letter to the judge requesting a new attorney and was denied. Then I filed a Motion for New Counsel and a Motion to Dismiss Counsel and they were also denied by the judge.

2.　Violation of Due Process Clause

　　I wasn't given time to prepare for this case. I was told the day before my court hearing. The attorney that was listed on the court order was not the attorney that represented me either and he didn't try to prepare.

3.      Access to Evidence Violation

The Prosecution, CPS and other related agencies denied my FOIA/PA request for the evidence that they had against me and never provided me with any discovery.  I also filed a motion to compel that was never addressed by the judge or brought up in court.

4.      Denied the Right to cross examine the witness

My attorney did not question the witnesses adequately and would not allow me the opportunity to ask them questions.  He wouldn't ask them the questions.  He wouldn't ask them the questions that need to be asked when he questioned them.

5.      Denied an impartial and fair jury

I filed a motion for jury trial and it was denied.  The Judge said that they don't have jury trials in this type of case[].

6.      Denied the right to be free from cruel and unusual punishment

I personally consider it to be cruel and unusual punishment to terminate the parental rights of a parent that done no harm to her children and make it to where the children aren't allowed to see any one that they love and grew up around including each other.  It is cruel and unusual punishment also to be in this predicament because an aide at the local school harming my special needs child and lying about it.

7.      Denied the right to Equal Protection of the Law

If me and my children had equal protection the teacher's aid[e] that hurt my son would be in jail and my children wouldn't be in foster care where they don't belong.  The police officer that came out would have let me file a report on my son's injury.

8.      Unreasonable Search and Seizure of My Minor Children

Neither the CPS worker of the police officer had a warrant or court order for the removal of my children.  The CPS worker didn't even file anything until three (3) days later and it was only signed by an assistant prosecuting attorney.

(ECF No. 2 at 6-10).[1]  The petition seeks the following relief:

> I would like the Court to award Plaintiff sole custody of the minor children SCB, EIB, and EAB; hold the wrongdoers accountable for their direct and indirect actions while in their official and individual capacity in civil and criminal courts respectively; restrict Defendants from retaliation against Plaintiff and her family; reinstate Plaintiff's parental rights to the minor children; and any other relief that this court may deem as appropriate to compensate for the Defendants actions and inactions.

(*Id.* at 8).

Because the petitioner is not entitled to any relief under 28 U.S.C. § 2241, or any other potential relief in this federal court, the undersigned has not ordered a response to the petition.

## ANALYSIS

The petitioner appears to be asserting constitutional challenges to her 2015 abuse and neglect proceedings in the Circuit Court of Kanawha County, which resulted in the termination of her parental rights to three children.  Section 2241 is generally used to attack the execution of a sentence of someone who is <u>in custody</u>.  There are several reasons why this federal court is barred from reviewing the merits of this petition under any of the federal statutory authority governing habeas corpus relief.

### A.    Federal habeas corpus relief is not available in child custody matters and the petitioner is not in custody pursuant to a state court judgment.

A writ of habeas corpus under either 28 U.S.C. §§ 2241 or 2254 is not available in child custody matters.  *See Lehman v. Lycoming Cty. Children's Servs. Agency*, 458 U.S.

---

[1] The petition further asserts that 28 U.S.C. § 2255 is inadequate or ineffective to challenge the petitioner's conviction or sentence.  However, as addressed herein, the petitioner was not convicted or sentenced to serve time in a correctional facility.  Rather, the Circuit Court of Kanawha County terminated her parental rights in an abuse and neglect proceeding.  Thus, neither 28 U.S.C. § 2255, which provides an avenue of post-conviction relief for a federal prisoner, or 28 U.S.C. § 2241, which provides an avenue for pre-trial or post-conviction habeas corpus relief of federal or state prisoners under certain circumstances, apply herein.

502 (1982) (mother could not challenge a state court judgment terminating her parental rights through the federal habeas corpus statutes).  Moreover, the petitioner was not "in custody" at the time she filed this petition.  Consequently, the undersigned proposes that the presiding District Judge **FIND** that this court lacks jurisdiction to consider her claims under 28 U.S.C. § 2241, or any other vehicle for federal habeas corpus relief.

### B.      The petition is barred by the *Rooker-Feldman* Doctrine.

The Supreme Court made clear in *D.C. Ct. of Appeals v. Feldman*, 460 U.S. 462 (1983) and *Rooker v. Fid. Trust Co.*, 263 U.S. 413 (1923), that "federal courts are divested of jurisdiction 'where entertaining the federal claim should be the equivalent of an appellate review of the state court order.'" *Friedman's Inc. v. Dunlap*, 290 F.3d 191, 196-98 (4th Cir. 2002) (quoting *Jordahl v. Democratic Party of Va.*, 122 F.3d 192, 202 (4th Cir. 1997)); *Plyler v. Moore*, 129 F.3d 728, 733 (4th Cir. 1997) (*Rooker-Feldman* applies when the federal action "essentially amounts to nothing more than an attempt to seek review of [the state court's] decision by a lower federal court").  More recently, the Supreme Court reiterated that the *Rooker-Feldman* doctrine applies to "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments."  *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005).

Accordingly, the undersigned proposes that the presiding District Judge **FIND** that the plaintiff is essentially challenging a decision made by the SCAWV and that this court's review of that decision amounts to an appeal therefrom, which is barred by the *Rooker-Feldman* doctrine.  Accordingly, it is respectfully **RECOMMENDED** that the

presiding District Judge dismiss the plaintiff's petition for lack of jurisdiction under the

*Rooker-Feldman* doctrine.

### C. This court cannot grant mandamus relief against state officials.

The present petition essentially seeks mandamus relief directed to the respondents

to return custody of the petitioner's children to her.  Title 28, United States Code, Section

1361, provides as follows:

> The district courts shall have original jurisdiction of any action in the nature
> of mandamus to compel an officer or employee *of the United States or any*
> *agency thereof* to perform a duty owed to the plaintiff.  [Emphasis added.]

A writ of mandamus "will issue only where the duty to be performed is ministerial and the

obligation to act peremptory and plainly defined.  The law must not only authorize the

demanded action, but require it; the duty must be clear and indisputable." *Central South*

*Carolina Chapter, Soc. of Professional Journalists, Sigma Delta Chi v. United States*

*District Court for the District of South Carolina,* 551 F.2d 559, 562 (4th Cir. 1977).

To the extent that the petitioner could even identify any clear and indisputable duty

owed to her by the state officials involved in her abuse and neglect proceedings, a federal

writ of mandamus will not lie to compel a state officer to perform a duty owed to a

petitioner.  Accordingly, the undersigned proposes that the presiding District Judge

**FIND** that there is no jurisdiction for this United States District Court to issue a writ of

mandamus directed to any state officials involved in the petitioner's abuse and neglect

proceedings.

### D. Domestic Relations Exception.

Even if the petitioner could overcome the other barriers to pursuing this petition,

the "domestic relations exception" to federal jurisdiction, as defined in *Barber v. Barber*,

6

62 U.S. 582 (1858), and *Ankenbrandt v, Richards*, 504 U.S. 689 (1992), applies to her

claims.  (Id. at 3-4).  In *Ankenbrandt*, the Supreme Court held:

> We conclude, therefore, that the domestic relations exception, as articulated by this Court since *Barber*, divests the federal courts of power to issue divorce, alimony, and child custody decrees.
>
> * * *
>
> Not only is our conclusion rooted in respect for this long-held understanding, it is also supported by sound policy considerations. Issuance of decrees of this type not infrequently involves retention of jurisdiction by the court and the deployment of social workers to monitor compliance.  As a matter of judicial economy, state courts are more eminently suited to work of this type than federal courts, which lack the close association with state and local government organizations dedicated to handling issues that arise out of conflicts over divorce, alimony and child custody decrees.  Moreover, as a matter of judicial expertise, it makes far more sense to retain the rule that federal courts lack power to issue these types of decrees because of the special proficiency developed by state tribunals over the past century and a half in handling issues that arise in the granting of such decrees.

504 U.S. at 703-704.

The petitioner seeks an order reversing the state courts and restoring her parental

and custodial rights to her three children, which is exactly the type of claim intended to

be barred under the domestic relations exception.  Accordingly, the undersigned proposes

that the presiding District Judge **FIND** that the claims for relief in the plaintiff's petition

fall within the domestic relations exception to federal jurisdiction and, thus, this court

lacks jurisdiction to consider her claims.

## **RECOMMENDATION**

For the reasons stated herein, it is respectfully **RECOMMENDED** that the

presiding District Judge **DISMISS** the petitioner's Petition for a Writ of Habeas Corpus

(ECF No. 2) and deny as moot her Application to Proceed Without Prepayment of Fees

and Costs (ECF No. 1).

The petitioner is notified that this Proposed Findings and Recommendation is hereby **FILED**, and a copy will be submitted to the Honorable Thomas E. Johnston, Chief United States District Judge.  Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rules 6(d) and 72(b), Federal Rules of Civil Procedure, the petitioner shall have fourteen days (filing of objections) and three days (mailing) from the date of filing this Proposed Findings and Recommendation within which to file with the Clerk of this Court, specific written objections, identifying the portions of the Proposed Findings and Recommendation to which objection is made, and the basis of such objection.  Extension of this time period may be granted for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals.  *Snyder v. Ridenour*, 889 F.2d 1363 (4th Cir. 1989); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).  Copies of such objections shall be provided to Chief Judge Johnston.

The Clerk is directed to file this Proposed Findings and Recommendation and to mail a copy of the same to the petitioner.

July 2, 2018

Dwane L. Tinsley
United States Magistrate Judge

8